EXHIBIT 1

# EXHIBIT 1

EXHIBIT 1

| | Original - Court | 2nd copy - Plaintiff |
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | **CASE NUMBER** |
| **JUDICIAL DISTRICT** | **SUMMONS** | 2024 - **7981** - CB |
| 20th **JUDICIAL CIRCUIT** | | **JON A. VAN ALLSBURG** |
| **COUNTY** | | |

**Court address**
414 Washington Avenue, Grand Haven, MI 49417

**Court telephone number**
616-846-8141

**Plaintiff's name, address, and telephone number**

KING CO., INC.
c/o counsel below

v

**Defendant's name, address, and telephone number**

DEAN O. KING, individually as as Trustee of the Dean O.
Revocable Trust
672 Park Street
Holland, MI 49423

**Plaintiff's attorney bar number, address, and telephone number**

Carl J. Gabrielse (P67512)
GABRIELSE LAW PLC
240 E 8th Street
Holland, MI 49423

"24007981CB"

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☑ this court, ☐ _____ Court, where

it was given case number 2021-6642-CB and assigned to Judge Van Allsburg

The action ☐ remains ☑ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date | Court clerk |
| OCT 14 2024 | JAN 10 2025 | JUSTIN F. ROEBUCK by _____ |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (3/23) **SUMMONS**
SRA

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN
## OTTAWA COUNTY CIRCUIT COURT

KING CO., INC., a Michigan Corporation,

Plaintiff,

CASE NO. 24-7981-CB
HON. JON A. VAN ALLSBURG

v

DEAN O. KING, individually, and as Trustee
of the Dean O. King Revocable Trust

**COMPLAINT**

Defendant.

Carl J. Gabrielse (P67512)
Attorney for Plaintiff
GABRIELSE LAW, PLC
240 E. 8th Street
Holland, MI 49423
616-403-0374
carl@gabrielselaw.com

There is no other pending or resolved civil action arising out of
the transaction or occurrence alleged in the Complaint; provided,
however, this Complaint involves claims that a Settlement
Agreement entered in resolution of previous litigation in the
Ottawa County Circuit Court Business Court (Case No. 2021-
6642-CB) has been breached.

## **COMPLAINT**

Plaintiff King Co., Inc., by and through its attorney, Gabrielse Law, Plc, state as follows

for its Complaint:

### Parties

1.      Plaintiff King Co., Inc. ("King Co") is a Michigan corporation with offices at

13520 Barry Street, Holland, Michigan 49423.



"24007981CB"

OCT 1 1 2024

2.      Defendant Dean O. King is an individual who is a citizen of the State of Florida and the Trustee of the Dean O. King Revocable Trust ("Dean").

### Jurisdiction and Venue

3.      Jurisdiction is proper in this Court because the amount in controversy exceeds $25,000 exclusive of interest and costs, and Complaint seeks equitable relief.

4.      Venue is proper in this Court because Dean resides in Ottawa County, much of the conduct forming the basis for the complaint occurred in Ottawa County, and the parties agreed that Ottawa County, and more specifically the Business Court, is the only proper venue for disputes between them.

### General Allegations

5.      For many years Dean and his son Randy King were co-owners of King Co.

6.      On November 22, 2021, the parties identified above, together with non-parties Randy King and King LLC, entered into a settlement agreement which resolved a previous lawsuit in Ottawa County Circuit Court, Case No. 2021-6642-CB (the "Settlement Agreement") (Exhibit A).

### Count I – Breach of Settlement Agreement (Non-Compete)

7.      Plaintiff incorporates all previous paragraphs.

8.      The Settlement Agreement provides that Dean shall not "[h]ave any interest in any capacity (whether as an owner, officer, director, member, consultant, lender, financier, guarantor, lessor or otherwise), enter the employment of, act as agent, broker, licensor or

2

distributor for or adviser or consultant to, or on any way assist (whether by solicitation of customers or employees or by providing financial assistance) any individual, partnership, joint venture, corporation or other business entity directly or indirectly engage in any business or enterprise which directly or indirectly competes with [the King Co]" (Exhibit A, § 9).

9.  The Settlement Agreement specifically identifies Viking Marine Construction LLC, a Michigan limited liability company ("Viking Marine") and Barry King Jr., Dean's grandson ("Barry"), by name as an entity and an individual that compete with King Co and that Dean is prohibited from being involved with or providing any assistance to (Exhibit A, § 9).

10.  Viking Marine and Barry compete with King Co for dredging and other marine excavation and construction projects on the Great Lakes, both directly and as a subcontractor of MCM Marine, Inc ("MCM").

11.  Upon information and belief, in or around September of 2022, Viking Marine and/or Barry purchased over $1.1 million worth of dredging equipment from MCM consisting of a dredge, tugboat, anchor barge, and dredge pipe (the "MCM Vessels").

12.  Upon information and belief, Viking Marine and/or Barry did not have sufficient cash on hand to purchase the MCM Vessels on their own without financing or financial assistance.

13.  Upon information and belief, Viking Marine and/or Barry did not obtain financing from a bank or other traditional lending institution for the purchase of the MCM Vessels.

14.  Upon information and belief, Dean, directly or indirectly, provided funds or other financial assistance to Viking Marine and/or Barry which made it possible for Viking Marine and/or Barry to purchase the MCM Vessels.

FILED 10/11/2024
Justin F. Roebuck
20th Circuit Court

15.     Upon information and belief, in or around 2021 or 2022, Dean, directly or indirectly through an affiliated entity, purchased two dredges from Ellicott Dredges, LLC (the "Ellicott Dredges").

16.     The Ellicott Dredges were both initially placed in sand pit ponds near Ionia and Kalamazoo, Michigan and used for sand mining in connection with a business relationship and/or agreement between Dean and Top Grade Aggregates, LLC.

17.     In or around September of 2023, one of the Ellicott Dredges was removed from a sand pit pond and placed in Muskegon Lake.

18.     In 2024, Viking Marine and/or Barry began using this Ellicott Dredge on dredging jobs in the Great Lakes, including but not limited to, the following dredging jobs: Ludington, Arcadia, Whitefish Point, Cornucopia, and Ontonagon.

19.     Viking Marine and/or Barry continue to use this Ellicott Dredge on dredging jobs within the Great Lakes.

20.     Upon information and belief, in or around the summer of 2024, Dean, directly or indirectly, began construction of an idler barge for use by Viking Marine and/or Barry on dredging jobs within the Great Lakes.

21.     Upon information and belief, at various times, from the date of the Settlement Agreement through the current date, Dean has provided advice, consulting, financing, leasing, lending, and/or other assistance to Viking Marine and/or Barry.

22.     Dean breached, and continues to breach, the Settlement Agreement by, among other things:

      a.     providing Viking Marine and/or Barry with funds or other financial assistance for the purchase of the MCM Vessels;

4

    b.    providing Viking Marine and/or Barry with use of one of the Ellicott

Dredges;

    c.    building an idler barge for Viking Marine and/or Barry to use; and

    d.    providing other assistance to Viking Marine and/or Barry.

23.    Dean's breaches of the Settlement Agreement have resulted, and will continue to result, in harm to King Co.

    **WHEREFORE**, Plaintiff King Co respectfully requests that this Court grant the following relief:

    a.    Find that Dean has breached the Settlement Agreement and award King Co all damages, injunctive relief, and equitable relief to which it is entitled;

    b.    Grant a preliminary and thereafter a permanent injunction prohibiting Dean from providing assistance of any kind to Viking Marine, Barry, or any other person or entity that competes directly with King Co, in accordance with the noncompete provisions of the Settlement Agreement and for a time period commensurate with the stated duration;

    c.    Award King Co damages in an amount to be proven at trial in excess of $25,000; and

    d.    Award King Co its costs and attorney fees pursuant to the Settlement Agreement (Exhibit A, § 18).

## Count II – Breach of Settlement Agreement (Nonsolicitation)

24.    Plaintiff incorporates all previous paragraphs.

5

25.     The Settlement Agreement provides that Dean shall not, for a period of 5 years, "recruit or solicit any employee of [King Co] to discontinue such employment or engagement; seek to employ or retain any such employee; or cause any business, person, firm or corporation (whether or not such entity competes directly or indirectly with Corporation) to seek or solicit the employment or retention of any such employee." (Exhibit A, § 10).

26.     The Settlement Agreement specifically identifies Mike Brown, among others, as one of the employees of King Co to which the non-solicitation provision applies (Exhibit A, §10).

27.     Mike Brown possesses special skills and/or knowledge important to King Co's business and competitive advantage, and had access to King Co's confidential information, including trade secrets.

28.     Upon information and belief, Dean recruited and/or solicited Mike Brown to discontinue his employment with King Co.

29.     Mike Brown ended his employment with King Co in or around June of 2023.

30.     Upon information and belief, Mike Brown is working for and/or with Dean to build an idler barge for use by Viking Marine and/or Barry on dredging jobs within the Great Lakes.

31.     Upon information and belief, Dean has paid Mike Brown, or provided Mike Brown or members of his family with items of value, to induce him to discontinue his employment with King Co.

32.     Dean breached the Settlement Agreement by recruiting, soliciting, and/or causing Mike Brown to discontinue his employment with King Co.

6

33.   Dean's breaches of the Settlement Agreement have resulted, and will continue to result, in harm to King Co.


**WHEREFORE**, Plaintiff King Co respectfully requests that this Court grant the following relief:

a.   Find that Dean has breached the Settlement Agreement and award King Co all damages, injunctive relief, and equitable relief to which it is entitled;

b.   Grant a preliminary and thereafter a permanent injunction prohibiting Dean from taking any actions in violation of the non-solicitation provision of the Settlement Agreement for a time period commensurate with the stated duration;

c.   Order that Dean cease from employing or working with Mike Brown;

d.   Award King Co damages in an amount to be proven at trial in excess of $25,000; and

e.   Award King Co its costs and attorney fees pursuant to the Settlement Agreement (Exhibit A, § 18).


Respectfully submitted by:

**GABRIELSE LAW PLC**

Carl J. Gabrielse
Attorney for Plaintiffs
240 E. 8th Street
Holland, MI 49423
616-403-0374
carl@gabrielselaw.com

October 10, 2024

EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into on November **22**, 2021 by and between **Dean O. King, individually and as Trustee of the Dean O. King Revocable Trust** ("Dean's Trust", who along with Dean O. King are collectively "Dean") ), **Randy D. King, individually and as Trustee of the Randy D. King Trust** ("Randy's Trust" who along with Randy D. King, are collectively "Randy")), **King, LLC**, a Michigan limited liability company ("LLC"), and **King Co, Inc**, a Michigan corporation ("Corporation"). Dean, Randy, LLC, and Corporation may be referred to collectively as the "Parties" and individually as a "Party."

## RECITALS

Whereas Dean is Randy's father. Dean and Randy have been long-time shareholders, officers, directors and employees of Corporation, which is engaged in land and marine construction, and co-owners of LLC, which owns construction equipment to Corporation; and

Whereas as of January 1, 2018, Dean gifted Randy a controlling interest in both Corporation and LLC and

Whereas after his transfer of control to Randy, Dean became dissatisfied with Randy's financial management of both Corporation and LLC and thereafter, on October 5, 2021, filed a Complaint in Ottawa County Circuit Court, Case No. 2021-6642-CB (the "Litigation") against Randy alleging (i) minority shareholder oppression with respect to Corporation; (ii) minority member oppression with respect to LLC; (iii) breach of fiduciary duty with respect to both Corporation and LLC; and (iv) unjust enrichment. The Complaint also named LLC as a party and claimed it breached its Operating Agreement to Dean's detriment; and

Whereas in addition, Randy claims to own a 2% interest in Dean King, LLC, a Michigan limited liability company ("DK-MI") that operates the Taylor Creek Marina in Fort Pierce, Florida (the "Taylor Creek Marina"); and

Whereas Randy also owns a 0.5% interest in King Maritime Group, LLC, a Florida limited liability company ("KMG") through its former ownership in Dean King Land Holdings, formerly known as Dean King, LLC a Florida limited liability company (DK-FL") that was merged into KMG; and

Whereas the Parties now desire to resolve all matters in controversy between them, including, but not limited to any and all matters alleged in the Litigation, as well as all issues involving DK-MI and KMG.

NOW, THEREFORE, in consideration of the agreements and undertakings hereinafter set forth, and the above recitals, without admitting any fault or any of the above allegations, including the allegations in the Litigation, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## COVENANTS

1.     **Incorporation of Recitals**. The recitals set forth above constitute an integral part of this Agreement and are incorporated herein, and evidence the intent of the Parties in executing this Agreement, and describing the circumstances surrounding its execution.

2.     **Purchase and Sale of Dean's Ownership Interest in LLC and Corporation**. Dean agrees to sell and transfer all of his shares of Voting and Non-Voting stock of Corporation ("Shares") and all of his membership interest in LLC ("Interest") to Randy for the sum of Eight Million Dollars ($8,000,000; the "Purchase Price"). Randy shall pay the Purchase Price in a lump sum by wire transfer to Dean's counsel, care of Altior Law, P.C.'s Client Trust Account on or before the Closing Deadline (as defined below). Randy may assign to Corporation his right to purchase the Shares and may assign to LLC his right to purchase the Interest, but Randy shall remain personally obligated to pay the Purchase Price if any assignment is made. The form of the transfer documents shall be as mutually approved by counsel for Dean and Randy, and shall include a warranty of title.

3.     **Resignations.** Dean agrees that as of the Effective Date (as defined below), he shall be deemed to have tendered his resignation as an officer, director, and employee of Corporation and LLC.

4.     **Termination of Prior Agreements.** Dean, Randy and Corporation are parties to a Buy-Sell Agreement dated December 30, 1994 respecting Dean and Randy's respective stock ownership interests ("Buy-Sell Agreement"). Further, Dean and Randy are parties to an Amended and Restated Operating Agreement for LLC which was effective January 1, 2013 ("Operating Agreement"). The Parties agree that the Buy-Sell Agreement and Operating Agreement shall be deemed terminated, and null and void as of the Effective Date.

5.     **Randy's Interests in DK-MI, DK-FL and KMG.** Randy agrees to transfer and assign to Dean his entire interest, if any, in DK-MI, DK-FL and KMG by execution of the assignment of membership interests attached hereto as Exhibit A.   Furthermore, Randy disclaims any right to receive any distribution from the sale proceeds of DK-MI, DK-FL and/or KMG's interest in Taylor Creek Marina.

6.     **Dean's Releases.** Dean, on behalf of himself individually, and as Trustee of Dean's Trust, releases and fully and forever discharges the following individuals or entities:

(a)     Randy, individually and as Trustee of Randy's Trust, and any related or affiliated entity owned by him, including but not limited to RDK, LLC, a Michigan limited liability company, and his agents, attorneys, accountants, representatives, employees, and agents, heirs, successors, and assigns, from any and all claims which have been or which could have been asserted in the Litigation, and any other claims whatsoever, whether known or unknown or accrued or unaccrued, based on facts occurring prior to the Effective Date;

(b)     LLC, on behalf of itself, its past and present Manager, members, attorneys, accountants, representatives, employees, and agents, successors and assigns, from any and all claims which have been or which could have been asserted in the Litigation, and any other claims whatsoever, whether known or unknown or accrued or unaccrued, based on facts occurring prior to the Closing; and

2

       (c)      Corporation, in its own capacity and acting as Manager of LLC, and its officers, directors, attorneys, accountants, representatives, employees, agents, successors and assigns, from any and all claims which have been or which could have been asserted in the Litigation, and any other claims whatsoever, whether known or unknown or accrued or unaccrued, ~~based on facts occurring prior to the Closing.~~

       6.1.     The above-referenced releases shall not release or waive any claims arising from a breach of Randy's obligations owed to Dean which are created by this Agreement.

       7.     **Releases by Randy, Corporation, and LLC.** Randy, on behalf of himself individually and as Trustee of Randy's Trust, Corporation, and LLC each release and fully and forever discharge the following individuals or entities as of the Effective Date:

       (a)      Dean, individually and as Trustee of Dean's Trust, and any related or affiliated entity owned by him, and his agents, attorneys, accountants, representatives, employees, heirs, successors and assigns, from any and all claims which could have been asserted against Dean in the Litigation as a counter-claim, and any other claims whatsoever, whether known or unknown or accrued or unaccrued, based on facts occurring prior to the Effective Date, specifically including all matters referenced in the Recitals to this Agreement; and

       (b)      DK-MI, DK-FL and KMG and their past and present Managers, members, attorneys, accountants, representatives, employees, agents, successors and assigns, from any claims whatsoever, whether known or unknown or accrued or unaccrued, based on facts occurring prior to the Effective Date.

       7.1.     The above-referenced releases shall not release or waive any claims arising from a breach of Dean's obligations owed to Randy, Corporation and LLC which are created by this Agreement.

       8.     **Dismissal of Litigation With Prejudice and Without an Award of Costs or Attorney Fees.** As of the Effective Date, the parties, through their counsel of record in the Litigation, shall execute and file a Stipulation to Dismiss the Litigation with prejudice and without any award of costs or attorney fees to any Party.

       9.     **Covenant Not to Compete by Dean.** Dean, both individually and as Trustee of Dean's Trust, acknowledges that he is selling his Shares in Corporation and Interest in LLC and that Randy's payment of the Purchase Price entitles him under Michigan law, MCL 445.771 et seq, to protect the business goodwill which he is purchasing. Accordingly, Dean agrees that he will not directly or indirectly for a period of five (5) years from the Effective Date:

       (a)      Have any interest in any capacity (whether as an owner, officer, director, member, consultant, lender, financier, guarantor, lessor or otherwise), enter the employment of, act as agent, broker, licensor or distributor for or adviser or consultant to, or in any way assist (whether by solicitation of customers or employees or by providing financial assistance) any individual, partnership, joint venture, corporation or other business entity directly or indirectly engaged in any business or enterprise which directly or indirectly competes with Corporation in land or marine construction, to the extent competitive with Corporation in the existing

3

geographical markets in which Corporation operates (defined as any of the Great Lakes, and any state which adjoins any of the Great Lakes), specifically including but not limited to Viking Marine Construction LLC, a Michigan limited liability company, which is owned and/or operated by Dean's grandson, Barry King Jr.. Notwithstanding the forgoing, nothing in this provision shall preclude Dean from working with Barry King Jr. in any business that does not compete with the Corporation;

(b)     Solicit, divert or take away, or attempt to solicit, divert or take away any customer or the business of any customer with respect to the construction services provided by Corporation;

(c)     Attempt to cause any customer to refrain, in any respect, from maintaining or acquiring any construction service provided or offered by Corporation to such customer;

(d)     Render services to or share in the earnings of or invest in the stock, bonds or other securities of any other entity directly or indirectly engaged in any business or enterprise in competition with the Corporation's business; provided, however, that Employee may own passive investments of not more than one percent (1%) of the outstanding stock, bonds, or other securities of any similar business (but without otherwise participating in such similar business) if such stock, bonds or other securities are listed or admitted for trading on any national stock exchange. Notwithstanding any of the foregoing, it is agreed that Dean's participation or ownership in any capacity in a business which is involved in mining gravel and/or sand on land, including site preparation and development, is expressly permitted, and is not a violation of his covenant not to compete with Corporation.

9.1     The running of the period during which the restrictions set forth in this Section 9 apply will be tolled during the continuance of any breach or violation by Dean of his covenants and agreements contained in this Section, and the period will be extended by the length of time during which any such breach or violation continues.

9.2     Dean recognizes that a breach of any of the covenants given by him in this Section 9 may give rise to irreparable injury to Corporation and Randy, which is inadequately compensable in damages. Accordingly, Dean agrees that Randy and Corporation may seek and obtain injunctive relief against such breach or threatened breach, in addition to money damages and all other relief at law or equity permitted by law. In such a proceeding, the provisions of Section 18 shall apply.

10.     **Non-Solicitation of Corporation Employees by Dean.** Dean, individually and as Trustee of Dean's Trust, and on behalf of any business entity in which he has an interest in any capacity (whether as an owner, officer, director, member, consultant, lender, financier, guarantor, lessor or otherwise) agrees that for a period of five (5) years from the Effective Date, he will not recruit or solicit any employee of Corporation to discontinue such employment or engagement; seek to employ or retain any such employee; or cause any business, person, firm or corporation (whether or not such entity competes directly or indirectly with Corporation) to seek or solicit the employment or retention of any such employee. Dean specifically acknowledges that this covenant of non-solicitation includes but is not limited to existing Corporation employees David However, Mike Brown, and Adam Lemke. Dean recognizes that a breach of any of the covenants

4

given by him in this Section 10 may give rise to irreparable injury to Corporation and Randy, which is inadequately compensable in damages. Accordingly, Dean agrees that Randy and Corporation may seek and obtain injunctive relief against such breach or threatened breach, in addition to money damages and all other relief at law or equity permitted by law. In such a proceeding, the provisions of Section 18 shall apply.

11. **Reasonable Restrictions.** Dean agrees that the duration, activities restricted, and geographic scope of the provisions set forth in Sections 9 and 10 are reasonable and are reasonably necessary to protect the business and good will of Corporation. If any court determines that the duration, activities restricted or geographic scope, or any combination thereof, are unreasonable and that such provision is to that extent unenforceable, Dean agrees that the provision will remain in full force and effect for the greatest time period with respect to the broadest type of activities described, and in the greatest geographic area that would not render it unenforceable. Dean expressly acknowledges that the consideration paid by Randy for purchase of Dean's Shares in Corporation and Interest in LLC are full and adequate consideration for the restrictions in Sections 9 and 10.

12. **Anti-Disparagement.** Randy and Dean agree each shall not make any comments to any individual or entity, including, without limitation, clients, customers, employees, and financial or credit institutions, or publish any communication by email or social media communications, which could be construed as negative or derogatory concerning the other party or their related entities and affiliates. This covenant does not include pleadings or testimony under oath given in connection with any attempt to enforce the provisions of this Agreement.

13. **Representations and Warranties.** Each of the Parties hereby represents and warrants to every other Party hereto that such party (a) has legal capacity and authority to enter into and perform all of its obligations under this Agreement, (b) has not assigned or otherwise transferred any of the claims compromised and settled herein by such party nor have they assigned, transferred, pledged or otherwise encumbered any membership or stock interest being transferred, including Dean's interest in Corporation or LLC, or Randy's interest in DK-MI, DK-FL and KMG, and (c) has read and understands this Agreement, has consulted with legal counsel as to its effect, and freely and voluntarily agrees to be bound by the terms hereof.

14. **No Admission of Liability.** The resolution of disputes between the Parties as reflected in this Agreement does not constitute an acknowledgment or admission by the Parties of any wrongdoing or liability, which wrongdoing or liability is expressly denied.

15. **Complete Agreement.** This Agreement sets forth the full and complete agreement between the Parties with respect to the subject matter contained herein and, except as otherwise specifically provided herein, this Agreement supersedes, in its entirety, any and all proposals, negotiations, letters, letter agreements, oral agreements and understandings and representations that the Parties made or had prior to the execution of this Agreement.

16. **Jurisdiction.** This Agreement is made and entered into in the State of Michigan, and any lawsuit that may be filed to enforce the terms of this Agreement shall be filed solely in the Circuit Court of Ottawa County, Business Court. The Parties agree Ottawa County Michigan is the only convenient forum and the only permissible venue for any such action.

17. **Governing Law.** The validity, interpretation and effect of this Agreement are governed by and will be construed in accordance with the laws of the State of Michigan applicable to contracts made and performed in such State and without regard to conflicts of law doctrines except to the extent that certain matters are preempted by Federal law or are governed by the law of the jurisdiction of organization of the respective Parties.

18. **Enforcement.** In the event any of the Parties is required to seek enforcement of the terms of this Settlement Agreement, the prevailing party or parties in such action shall be entitled to recovery of his/its/their reasonable attorneys' fees and expenses.

19. **Counterparts.** This Agreement may be executed in separate counterparts, each of which shall be deemed an original, but all of which together shall constitute a single agreement and shall have the same effect as if all the Parties had executed a single document. To facilitate execution of this Agreement, the Parties may exchange facsimile, Adobe Acrobat (.pdf) or other electronic copies of the signature pages, and such execution shall be deemed an original by the Parties.

20. **Successors and Assigns.** This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns.

21. **No Modification.** This Agreement shall not be modified, altered or amended except by a written agreement executed by all of the Parties.

22. **No Liability to Drafter.** This Agreement was jointly drafted and prepared by all the Parties and their respective counsel and no presumption, either in favor or against any Party, shall be deemed to exist with respect to the interpretation of any provision of this Agreement.

23. **Severability.** If one or more provisions of this Agreement shall be declared to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions in this Agreement shall not in any way be affected or impaired, it being the parties desire for their expressions of intent in this Agreement to be enforced to the fullest extent permitted by law.

24. **Confidentiality.** The terms, provisions, and conditions of this Agreement, together with the negotiations, discussions, and proceedings leading up to this Agreement, are confidential and shall not be disclosed to any person or entity, except as expressly required by a subpoena or order by a court of competent jurisdiction. The confidentiality of these terms, negotiations, discussions, and proceedings is of the essence of this Agreement, and any violation of the terms of this paragraph shall be deemed a material breach of the entire Agreement for which the parties shall be entitled to judicial relief, including damages, actual attorney fees, and injunctive relief without any requirement of bond.

25. **Agreement Date.** The effective date of this Agreement ("Agreement Date") when the rights and obligations of the Parties become enforceable shall be the date that it is fully signed by all Parties, with signed copies delivered to counsel for the other Parties. The Parties agree to direct their counsel to document the Agreement Date with each other.

26. **Closing; Closing Deadline and Effective Date.** The transfers of Dean's interests

in Corporation and LLC to Randy, the transfer of Randy's interests in DK-MI, DK-FL and KMG to Dean (collectively, the "Transfers"), and Randy's payment of the Purchase Price to Dean, shall be completed on or before December 13, 2021 (the "Closing Deadline"). The Parties agree that time is of the essence in the performance of their obligations under this Agreement, and that the Transfers and payment of the Purchase Price must be made by the Closing Deadline. However, if Randy cannot pay the Purchase Price by the Closing Deadline, he authorizes Dean's counsel to release the Transfer Documents related to the Taylor Creek Marina in order to assist in the close of that transaction. Nonetheless, the Parties agree that the Agreement shall remain enforceable if the Purchase Price is paid by December 31, 2021. Randy acknowledges that by his agreement to pay the Purchase Price by the Closing Deadline, he is undertaking the risk of timely financing the Purchase Price,. Closing of the Transfers shall be made in escrow. Immediately upon payment of the Purchase Price, (i) Dean's counsel shall deliver the executed Transfer documents for Dean's interest in Corporation and LLC to Randy's counsel; and (ii) Randy's counsel shall deliver the executed Transfer document for DK-MI, DK-FL and KMG to Dean's counsel (Exhibit A). The Parties agree that their respective counsel shall hold the executed Transfer documents in escrow pending payment of the Purchase Price. When the Transfers have been completed and the Purchase Price has been received by Dean's counsel, the Closing shall be deemed completed, and this date shall be deemed the Effective Date of all other covenants and obligations contained in this Agreement. The Parties authorize and direct their respective counsel to acknowledge this date to each other in writing.

27. **Dean's Recovery of Equipment Stored at Corporation's Facility.** In recent years Dean has purchased certain items of machinery and equipment consisting of spuds, spud wells, dredge pipe, winches, ball joints, and miscellaneous parts (collectively, "DK Equipment"). Certain items of DK Equipment are currently stored at Corporation's facility in Holland, MI. The Parties acknowledge that time before the Closing Deadline does not permit Dean to identify and remove these items of DK Equipment. Randy and Corporation agree that for a period ending November 15, 2022, Dean is entitled to remove any item of DK Equipment which Dean reasonably requests and which is not being utilized by Corporation in the operation of its business. Corporation will designate a representative as Dean's sole contact person to provide his confirmation of purchase, and to accompany Dean in inspecting the grounds of the Corporation's facility to identify the DK Equipment. The initial designated representative is Mike Brown. Dean agrees to only contact Mike Brown and to provide prior notice to Mike Brown to schedule inspection(s). Dean agrees not to visit the Corporation's facility except for the purpose of inspecting and removing DK Equipment, and while he is at Corporation's facility agrees not to engage in business conversations with Corporation's employees other than Mike Brown. Dean agrees the inspection and removal of DK Equipment must be done in a manner which does not materially interfere with Corporation's business. If the inspection discloses that an item of DK Equipment is being used by Corporation and is located off-site, Corporation at its expense will either return the item to Corporation's facility or offer to purchase the item, which Dean may accept or reject in his sole discretion. The Parties agree that Randy's disclosure of this Section of the Agreement to Mike Brown does not violate the Confidentiality obligations of Section 25.

This part of the Agreement is the only part which will not be completed by the Closing Deadline. The parties agree to act in good faith and to use their best efforts to complete the return of DK Equipment in the manner as agreed in this Section.

**STATE OF MICHIGAN**
**IN THE 20th CIRCUIT COURT FOR THE COUNTY OF OTTAWA**

414 Washington Street, Room 320, Grand Haven, MI 49417

(616) 846-8315

**KING CO., INC.,**

**CASE NO. 2024-7981-CB**
HON. JON A. VAN ALLSBURG

Plaintiff,

v.

**DEAN O. KING,** individually and
as Trustee of the Dean O. King
Revocable Trust,

**NOTICE OF ACCEPTANCE TO**
**THE BUSINESS COURT**

Defendant.

Please take notice that this case has been assigned to the Business Court docket of the 20th Circuit Court of the County of Ottawa.

To:  **CARL J. GABRIELSE**
Attorney for Plaintiff
GABRIELSE LAW, PLC
240 E. 8th Street
Holland, MI 49423
carl@gabrielselaw.com

I hereby certify that a copy of the **Notice of Acceptance** to the 20th Circuit, County of Ottawa Business Court Docket was e-mailed to the attorney of record in this case on the 14th day of OCTOBER, 2024.

**JUSTIN F. ROEBUCK**
OTTAWA COUNTY CLERK/REGISTER OF DEEDS

By: Emma J. Peterman